IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.  1:25CR341 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE CHRISTOPHER A. BOYKO |
| | : | |
| vs. | : | |
| | : | |
| RICARDO JOHNSON, | : | **MOTION TO REVOKE DETENTION ORDER** |
| | : | |
| Defendant. | : | |

Under 18 U.S.C. § 3145(b), Mr. Ricardo Johnson moves to revoke the Magistrate Judge's June 20, 2025, Detention Order. (R. 9: Detention Order). Because there are conditions that will reasonably assure his appearance and the community's safety, the Court should revoke the detention order and release Mr. Johnson on bond with appropriate conditions. The accompanying memorandum explains why Mr. Johnson should be granted bond.

                Respectfully submitted,

                STEPHEN C. NEWMAN
                Federal Public Defender
                Ohio Bar:  0051928

                */s/Ashlynn Rotta*
                ASHLYNN ROTTA
                Assistant Federal Public Defender
                Ohio Bar:  0100465
                1660 West Second Street, Suite 750
                Cleveland, Ohio 44113
                (216) 522-4856 Fax: (216) 522-4321
                e-mail: ashlynn_rotta@fd.org

**MEMORANDUM**

Ricardo Johnson is charged with being a felon in possession of a firearm. (R. 10: Indictment). The magistrate judge held a detention hearing on June 18, 2025. (06/18/2025 Minutes of proceedings). The government argued for Mr. Johnson's detention, claiming that Mr. Johnson did not have a steady residence, lack of employment, substance abuse history, and his criminal history. On June 20, 2025, the magistrate judge issued an order of detention, agreeing with the government's arguments. (R. 9: Detention Order). But Mr. Johnson does have a steady residence and employment. Furthermore, the additional concerns can be mitigated through conditions that the Court can impose. Mr. Johnson asks that this Court revoke the magistrate judge's detention order.

    **I.    There are conditions that will reasonably assure Mr. Johnson's appearance and the community's safety.**

"When reviewing a pretrial detention order of a magistrate judge, the Court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *See United States v. Amir*, No. 1:10CR439, 2011 U.S. Dist. LEXIS 75640, *9 (N.D. Ohio Jul. 13, 2011) (internal quotation marks omitted). "The default position of the law . . . is that a defendant should be released pending trial." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). "A defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *Id.* (quoting 18 U.S.C. § 3142(e)(1)) (alteration in *Stone*). When the government contends that no conditions will reasonably assure the safety of the community, as it does here, it must prove its claims by clear and convincing evidence. 18 U.S.C. § 3142(f)(2).

2

The Court conducts a de novo review of a pretrial detention order. The government has not demonstrated by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. The judge should consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the individual's history and characteristics; and (4) the nature and seriousness of the danger that might be posed by the individual's release. 18 U.S.C. § 3142(g).

These factors support Mr. Johnson's release. Mr. Johnson has employment. Mr. Johnson has been employed at his brother's barbershop. At the barbershop, Mr. Johnson sweeps up hair, cleans the mirrors, and does general handy man work. His girlfriend is also employed and is willing to support Mr. Johnson while he is on bond. (*See* Pretrial Services Report, p. 1). Furthermore, Mr. Johnson is a lifelong resident of Cleveland, Ohio. He also has his GED. (Pretrial Services Report, p. 1-2). Mr. Johnson's criminal history is only one factor for the Court to consider, among the others that weigh in favor of his release. And the Court's concerns regarding Mr. Johnson's criminal history can be mitigated with sufficient conditions.

The Court must impose the least restrictive conditions necessary to reasonably assure the person's appearance as required and the community's safety. *See* 18 U.S.C. § 3142(c). The statute lists thirteen specific conditions that the Court may impose, 18 U.S.C. § 3142(c)(1)(B)(i) - (xiii), plus "any other condition that is reasonably necessary to assure the appearance of the defendant as required and the safety of any other person and the community," 18 U.S.C. § 3142(c)(1)(B)(xiv).

There are bond conditions that will reasonably assure the community's safety. If released, Mr. Johnson intends to return to his home with his girlfriend. (Pretrial Services Report, p. 2). The Court can, for example, order some combination of home confinement (with or without location

monitoring), regular reporting to pretrial services, drug testing, and mental-health and drug assessment treatment, if necessary. With these some or all of these conditions, the Court's concerns about Mr. Johnson's criminal history and substance abuse history will be addressed. Therefore, there are conditions that this Court could impose to assure Mr. Johnson's appearance and the community's safety.

## II. Conclusion

Because there are conditions that will assure Mr. Johnson's appearance and the safety of the community, the Court should revoke the detention order and grant Mr. Johnson bond pending trial with appropriate conditions.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

/s/Ashlynn Rotta
ASHLYNN ROTTA
Assistant Federal Public Defender
Ohio Bar: 0100465
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail: ashlynn_rotta@fd.org