UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO. 1:25-CR-341 |
|---|---|---|
| Plaintiff, | ) ) ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) ) | |
| RICARDO JOHNSON, | ) ) | OPINION AND ORDER |
| Defendant. | ) ) | |

**CHRISTOPHER A. BOYKO, J.:**

Defendant Ricardo Johnson asks the Court to Revoke the Magistrate Judge's Detention Order issued June 20, 2025. (ECF # 17). For the following reasons, the Court **DENIES** Defendant's Motion.

**I. BACKGROUND**

On June 13, 2025, a Complaint was filed charging Defendant with one count of Felon in Possession of a Firearm, a violation of 18 U.S.C. §§ 922(g)(1) (ECF # 1). After Defendant's subsequent arrest, Magistrate Judge James E. Grimes, Jr. held an Initial Appearance and the Government moved for detention. Defendant was temporarily remanded to the custody of the United States Marshal and a Detention Hearing was scheduled. The Magistrate Judge held the Detention Hearing on June 18, 2025. (*See* ECF # 15, Transcript of Detention Hearing).

The Magistrate Judge took the matter under advisement and entered an Order of Detention. (ECF # 9). The Magistrate Judge evaluated the four factors under 18 U.S.C. § 3142(g), when deciding on the Government's request for detention. (*See* ECF # 9-1). The

Magistrate Judge found detention was warranted and the four factors supported detention. (*Id.* pg. 2). Specifically, the Magistrate Judge reasoned:

> The Government has shown by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. As the Government argued, if Defendant is willing to pull weapons on family members, one must be concerned about interactions that Defendant might have with non-family members. And Defendant's consistent history of not complying with the requirements of his supervision and of failing to appear at court hearings shows that release on conditions imposed under 18 U.S.C. § 3142(c) will not suffice to ensure the safety of other people and the community.

(*Id.*)

On August 27, 2025, Defendant filed his Motion to Revoke the Detention Order. (ECF # 17). The Government filed its opposition on September 8, 2025. (ECF # 19).

## II. LAW & ANALYSIS

**A.      Standard of Review**

Defendant rightfully asserts that a district court may conduct a *de novo* review of a magistrate judge's decision to detain under 18 U.S.C. § 3145(b). *United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990). By doing so, the district court conducts the same analysis with the same options under 18 U.S.C. § 3142 as the magistrate judge. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000).

Under § 3142, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (citing § 3142(e)). A finding of dangerousness must be "supported by clear and convincing evidence." *Id.* (citing § 3142(f)(2)(B)). A finding of flight risk must be proved by a preponderance of the evidence. *United States v. Hinton*, 113 Fed.

App'x 76, 77 (6th Cir. Sept. 20, 2004). Accordingly, the default position "is that a defendant should be released pending trial." *Stone*, 608 F.3d at 945.

A court modifies the default position when "the judicial officer finds that there is probable cause to believe" that a defendant committed one of the crimes listed in § 3142(e)(3)(A) – (E). 18 U.S.C. § 3142(e)(3). In such a case, a presumption in favor of detention exists. *Id*. In order to defeat this presumption, a defendant must "come forward with evidence that he does not pose a danger to the community or a risk of flight." *Stone*, 608 F.3d at 945 (citations omitted). While this burden "is not heavy," a defendant "must introduce at least some evidence." *Id.*

"Even when a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.'" *Id.* (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Regardless of whether the presumption applies, the government's ultimate burden is to prove that no conditions of release can assure that the defendant will appear and to assure the safety of the community." *Id.* at 946. Ultimately, a court must consider the § 3142(g) factors to determine if the government met its burden. *Id.*

Defendant's burden to rebut the presumption is light. *Stone*, 608 F.3d at 945. Defendant argues in his motion that he has employment, the support of his family and girlfriend and his lifelong ties to the Northern District of Ohio. Defendant's arguments, lightly supported by evidence at the Detention Hearing, constitute 'some evidence' that Defendant does not pose a danger to the community or a flight risk. Accordingly, Defendant adequately rebutted the presumption of detention.

The Government argues that even if Defendant has satisfied his burden, the Court must consider that there is no condition or combination of conditions that will reasonably assure Defendant's appearance and the safety of the community.  Moreover, the Government goes on to enumerate the § 3142 factors, arguing the gravity of the specific conduct and that his lack of respect for the court by failing to appear to multiple court dates, establishes that he is not only a danger to the community, but show that he is a serious risk of flight.  His history and characteristics, which include an extensive criminal history and failure to comply with terms of his supervisions, outweigh his employment and lifelong ties to the community.

**B. Section 3142(g)(1) Factors**

    1.    **Nature and Circumstances of the Offense**

The nature and circumstances of Defendant's offense weighs in favor of detention. Section 3142(g)(1) requires a court to consider "the nature and circumstances of the offense charged," including crimes that involve "a controlled substance [or a] firearm."  18 U.S.C. § 3142(g)(1).

Here, the allegations against Defendant involve a firearm.  (*See* ECF # 1).  Defendant admitted that he was prohibited from possessing a firearm as a convicted felon and acknowledged that the firearm belonged to him.  Defendant also admitted to recently being involved in two shootings this year. (*See* ECF #1-1).

Accordingly, this factor weighs against Defendant's request for release.

    2.    **Weight of Evidence Against Defendant**

The weight of evidence also favors detention.  This second factor of § 3142 "goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's

guilt." *Stone*, 608 F.3d at 948 (citing *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) (Section 3142(g) "neither requires nor permits a pretrial determination of guilt")).

At the Detention Hearing, the Government presented evidence that authorities discovered a firearm in the residence during the execution of a search warrant. Defendant exited the room that the firearm was found, admitted ownership of the firearm and confirmed that he knew he was prohibiting from possessing one as a convicted felon. (ECF # 15 pg. 5-6).

Accordingly, the Court finds that the weight-of-the-evidence factor weighs in favor of detention.

### 3. History and Characteristics of Defendant

In considering the history and characteristics of Defendant, the Court considers:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or competition of sentence for an offense under Federal, State, or local law.

18 U.S.C. § 3142(g)(3)(A)–(B).

In support of pretrial release, Defendant relies on his lifelong residency in the Northern District of Ohio, coupled with a supportive girlfriend and steady employment at his brother's barbershop. If released, he plans to live with his girlfriend. (*See* ECF #17). Defendant proposes ordering a combination of home confinement (with or without location monitoring), regular reporting to pre-trial services and drug testing as a possible substitute for detention. Defendant asserts that these conditions would reasonably assure Defendant's appearance and the safety of the community. (*Id.* pg. 2-3).

However, Defendant's record demonstrates otherwise. Over the span of fifteen years of convictions, Defendant consistently violated conditions of supervision, community control and a no-contact order in a domestic violence case. Defendant's suggestion that a combination of conditions would not only protect the community but would deter Defendant from committing more crimes or more violations while released, is unavailing. In one prior conviction alone, Defendant failed to appear for multiple hearings, had multiple capiases issued, violated community control and no-contact conditions, was cited for possession of alcohol and a weapon being present in a vehicle, violated GPS monitoring conditions and reoffended while on release. (*See* ECF # 4).

Defendant's repeated disregard for court orders and supervision undermines any assurance that he would comply with release conditions. Defendant's lifelong residency in Northern Ohio, steady employment and a support system do not outweigh this extensive record of noncompliance. No combination of conditions would reasonably assure Defendant's appearance or the safety of the community.

Accordingly, this factor weighs heavily in favor of pretrial detention.

**4.     The Nature and Seriousness of the Danger to Any Person or the Community**

Finally, the last factor favors detention. Section 3142(g)(4) requires the Court to consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4).

Again, Defendant is charged with a firearm offense and admitted that he knew he was prohibited from possessing a firearm and that he had been involved in two recent shootings. (ECF #1-1 pg. 4-5). Defendant's criminal history, which includes aggravated robbery, burglary, felony domestic violence, escape, endangering children, having weapons under disability, drug

6

possession, drug trafficking and possessing criminal tools, further demonstrates that Defendant poses a serious risk of danger to the community.

Defendant's chronic failure to comply with court orders, including violations of supervision, probation and a protective order, reinforces the Court's conclusion that no conditions would reasonably protect the community. Each opportunity for conditional release has resulted in additional violations or new criminal conduct.

Accordingly, the Court finds that Defendant presents a continuing danger to the community and this factor weighs strongly in favor of detention.

### III. CONCLUSION

After considering the § 3142(g) factors, the Court concludes that clear and convincing evidence establishes that Defendant poses a danger to the community. The Court further finds that no condition or combination of conditions will reasonably assure the safety of the community. Accordingly, the Court **DENIES** Defendant's Motion.

**IT IS SO ORDERED.**

                                                  s/ Christopher A. Boyko
                                                  **CHRISTOPHER A. BOYKO**
                                                  **Senior United States District Judge**

**Dated: November 4, 2025**